UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN DEMARA,<br><br>              Plaintiff,<br><br>     v.<br><br>BARKER, et al,<br><br>              Defendant. | 1:15-cv-01576-LJO-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Efrain Demara ("Plaintiff") is a pro se state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 16, 2015, is currently before the Court for screening. (Doc. 1).

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison.  The events at issue in the complaint occurred at California Correctional Institution at Tehachapi.  Plaintiff names the following defendants:  Correctional Officer Barker; Correctional Sergeant Davis; D. Rosander, Correctional Appeals Coordinator; J. Wood, Correctional Appeals Coordinator; Correctional Counselor J. Corral, Correctional Counselor M. Hildreth.

Plaintiff alleges: Plaintiff is an American Indian prisoner. "On September 10, 2013, a fellow tribe member ordered a religious package for Plaintiff which contained a delux engraved flute and ceremonial beads and instruments. Plaintiff's free exercise to practice his religion was violated when CDCR lost this package. Plaintiff's tribe basically ostracized him because the other A.M.I. prisoners told free tribe members that Plaintiff was not attending scheduled 'flute ceremonies' which plaintiff could not attend without the flute. The flute actually helps those at ceremonies to connect with past elders and family members. Appeals coordinator at both prisons CCI Tehachapi and staff at Corcoran worked in concert to deny, reject and ultimately cancel

2

Plaintiff's appeals regarding this matter." (ECF NO. 1, p.3.) Plaintiff seeks compensatory damages of $5,000 against each defendant and punitive damages of $10,000 against each defendant.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is short, but fails to set forth the necessary facts to state a claim that is plausible on its face. Plaintiff's complaint lacks basic details, such as what happened, when it happened and who was involved. Plaintiff's generalized and conclusory statements and recitals of the elements of a claim are not sufficient. Plaintiff fails to describe specific actions taken by the defendants named in his complaint which violated his constitutional rights.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link the Defendants to any constitutional violations. Indeed, Plaintiff does not identify these defendants in the allegations of his complaint. He does not attribute any specific conduct to these defendants. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation(s) of his constitutional rights.

### C. Inmate Appeals

Plaintiff appears to be complaining about the processing and denials of his inmate appeals. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### D. Interference with Mail

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).

Here, Plaintiff makes no allegation that any Defendant interfered with his mail.

### E. First Amendment—Free Exercise

The First Amendment guarantees the right to the free exercise of religion. Cruz v. Beto, 405 U.S. 319, 323, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." O'Lone v. Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). In order to establish a free exercise violation, a prisoner must show a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir.2008).

Plaintiff has failed to allege facts to show any defendant took action which substantially burdened the practice of his religion. Plaintiff merely alleges the package was lost. While Plaintiff alleges the loss of the flute burdened his religion, he fails to allege that any defendant was responsible for the lost package. A single incident does not constitute a substantial burden on the practice of Plaintiff's faith, and he therefore fails to state a claim under the First Amendment. See Shakur, 514 F.3d at 883–84 (9th Cir.2008).

### F. Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; see Hudson v. Palmer, 468 U.S. 517, 532, n. 13, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985), however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff admits in his allegations that the mail was lost. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim. Whether the property was misplaced or stolen, the state provides an adequate remedy.

**G. Conspiracy**

Plaintiff appears to allege that there was a conspiracy to deprive him of his flute.

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Here, plaintiff fails to allege any plausible facts supporting the existence of a conspiracy among all of the defendants. Plaintiff's conclusory allegations that defendants conspired to deny his religion are insufficient.[1]

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

---

[1] Plaintiff alleges that there was a conspiracy with Defendants at Tehachapi and Corcoran institutions. Plaintiff is informed that he may not allege multiple unrelated claims against multiple defendants. Fed.R.Civ.P. 18. As a basic matter, Plaintiff may not bring claims against defendants at CCI, Tehachapi, while simultaneously pursuing claims against defendants at Corcoran State Prison.

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed October 16, 2015, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and

4. **<u>If Plaintiff fails to file a amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order</u>**.

IT IS SO ORDERED.

Dated: **November 15, 2016**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

7